Dear Mr. Pitre:
On behalf of the Greater Lafourche Port Commission, you have requested a legal opinion concerning the power and authority of the Lafourche Basin Levee District to enter into a particular cooperative endeavor arrangement with the Port Commission.
It is our understanding that the Port Commission, in cooperation with the Department of Transportation and Development, will be working on project(s) designed to stabilize the embankment of La. Highways 1 and 308. You have advised that the work to be performed by the Port Commission shall at least partially consist of obtaining borrow material from Port Fourchon or dredge from Bayou Lafourche, constructing emergency erosion repair and embankment stabilization with said material and/or placing rock, riprap, armament or vegetation on the embankment.
In connection with this work, the Port Commission has proposed that it would like to utilize certain equipment of the Levee District and is willing to reimburse the Levee District a fair agreed upon rate. Before the Levee District will agree to the proposal, it has requested that the Port Commission obtain an opinion of this office that the arrangement would be legally proper.
Implicitly, this inquiry must be examined in light of La. Const. Art. VII, Sec. 14, which prohibits the loan, pledge, or donation of funds by one political subdivision to another. The Supreme Court has interpreted Art. VII, Sec. 14 to be violated whenever the state or a political subdivision seeks to give up something of value when it is under no obligation to do so. City of PortAllen v. Louisiana Municipal Risk Agency, 439 So.2d 399 (La. 1983). However, in Guste v. Nicholls College Foundation,564 So.2d 682 (La. 1990), a transfer of public funds by the Nicholls State University Alumni Federation to the Nicholls College Foundation was held to be given and accepted "under the authority of the constitution and laws of this state" as the funds were "transferred in the discharge of the Federation's constitutional or statutory duties" and were accepted by the Foundation, "assumedly a non-public body (a non-profit corporation) with a commitment to assist the Federation in carrying out its constitutional and legal duties in public education".
La. Const. Art. VI, Secs. 38 — 42 and La. R.S. 38:281, etseq. pertain to levee districts and provide for the duties and authority of the various Districts and their Boards of Commissioners. We note that Levee Districts are given the authority to collect taxes for the purpose of ". . . constructing and maintaining levees, levee drainage, flood protection, hurricane flood protection and for all other purposes incidental thereto." La. Const. Art. VI, Sec. 39 (A).
Additionally, R.S. 38:325 provides that Levee boards are charged to:
 ". . . engage in any activities related directly to:
(1) Flood protection.
* * *
 (5) Cooperative activities with other public bodies for public purposes."
In our opinion, the foregoing constitutional and statutory directives provide levee districts with the authority to cooperate with other levee districts for the purpose of protecting the lands within their jurisdiction from flooding. As such, if the Lafourche Basin Levee District determines that cooperating with the Port Commission in the manner you have described will promote the interests of the Levee District in flood control for the lands within its jurisdiction, then it is the opinion of this office that the arrangement would not violate La. Const. Art. VII, Sec. 14. As you have suggested, the Levee District could determine that the mere act of dredging material from Bayou Lafourche, and thereby increasing its water-carrying capacity, may in and of itself make the lands within the jurisdiction of the Levee District less prone to flooding. This is, however, a factual determination that will have to be made by the Board of Commissioners of the Levee District.
Opinion No. 97-59, recently released by this office, is pertinent to your inquiry. I am therefore enclosing a copy of that opinion herewith.
We hope the foregoing adequately addresses your inquiry. Please do not hesitate to contact us if we can be of further assistance in the future.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv Enclosure
In re OPINION NUMBER 97-59
MARCH 25, 1997
63 LEVEES, DRAINAGE DISTRICT FLOOD CONTROL 90-A-2 PUBLIC FUNDS CONTRACTS — Loan, Pledge or Grant
La. Const. Art. VI, Sec. 39(A) R.S. 38:325
The Tensas Basin Levee District has the authority to cooperate with the Fifth Levee District to maintain Mississippi River levee for the purpose of protecting the lands within Tensas Basin's jurisdiction from flooding.
Mr. Theo J. Coenen, III Tensas Basin Levee District Drawer 988 Rayville, Louisiana 71269